The next case is called Oral Argument of People v. Pinkas. Mr. Pinkas led guilty to first-degree murder. He filed a post-conviction petition challenging that plea, and it was dismissed at the circuit court level on the state's motion. He raises two issues before this court. But unless there are questions, I'm going to confine my presentation today to the first issue that's raised in the brief, and that is the void sentence. Let me ask you this. You've clearly explained to your client that he may be right on appeal or he may be wrong. If he's right and he goes back, there's no guarantee he's going to get 20 years. Is he aware of that? Yes, he does. One of the reasons why that issue, too, was raised in the brief is to make sure that this court understands that he is eager to take this case to a jury trial. At the circuit court level, there was a dismissal on the state's motion, and here we're raising two issues, and one of them is that the sentence is void. There was a fully negotiated guilty plea for 20 years for first-degree murder. But the charging instrument and the statement of facts both say that a firearm was used in the commission of the offense causing death. We cite to the statute in our brief which says that if a firearm is used in the commission of offense causing death, there has to be at least 25 years added to the prison sentence. So the minimum available sentence for the charge and the guilty plea that was made for the conviction here is 45 years. The 20-year sentence is unauthorized. Nobody can depend on it. Guilty plea is no good. This is a void sentence that can be challenged at any time. We cite lots of cases in the brief that say if a sentence is given that's below the mandatory minimum, it's unauthorized and subject to attack at any time. Now the state's main argument has been that this attack can't be made here because it was raised at the circuit court level. There's nothing about it in the post-conviction petition. According to the state then, it can't be raised now in any way. But as I say, we cite lots of cases in the brief that say the attack can be made at any time. And besides that, we've added authority, have a motion to add authority to a brand new case decided in June from the Illinois Supreme Court, the Petrenko case. In Petrenko, the defendant had a post-conviction petition which was dismissed. On appeal, he challenged one of the sentences as being void, and the state objected to that, and the appellate court held that the defendant, Petrenko, could not raise that issue for the first time on appeal in a post-conviction case. It didn't work. The Illinois Supreme Court took that case, and they reached the substantive issue. They said, in effect, when we said you could attack it at any time, we really meant that. And they said that in Petrenko, after the post-conviction petition was dismissed, the issue challenging the sentence as being void could be raised for the first time on appeal. And Petrenko controls here. Mr. Pincus is challenging the sentence as being void. It can be raised for the first time on appeal, and he is challenging it. He wants a jury trial. He asked his court to vacate the void sentence, vacate the guilty plea that's dependent upon this sentence, and send this case back for further proceedings. You rely on ARNA to say it's void. The state says it's voidable based on Davis. That's right. OK. The difference between – well, let's take the specifics of Davis. In Davis, what happened was there was a second conviction and sentence for something under the One Act, One Crime principles. Now, clearly, that is not a situation where the court was without authority from the legislature to have this kind of a judgment. That's not void. That's voidable. It's not void. There's no cases that I know of that say that a One Act, One Crime conviction is void. But there are lots and lots and lots of cases that say if you give somebody a sentence that's below the statutory minimum, there's no authority to give it. And if the statute says that it's got to be consecutive or that there can't be probation, this person's got to go to prison, or that there's a $1,000 minimum fine or something like that, that's just got to be. There's no authority to give it any other way. And the state has not taken issue with any of the elements that this was a conviction, a crime that was – where a firearm was used and that resulted in death. And the cases say if the elements are there and it's mandatory, that's all there is to it. And that's the situation that we have here. And we cite to the cases where this statute has been upheld and clearly mandatory. Because it's void. It's just subject to attack at any time, including right now. Unless there's any other questions. I don't think there are. Thank you, counsel. Counsel? I think the key to this case is to correct one misstatement by Mr. Wells or incorrect statement by Mr. Wells. He said that Mr. Pincus is here challenging his sentence. That's not true. He's not asking you to increase his sentence from 20 years to 45 years, nor are the people doing that. Nobody's doing that. Mr. Pincus is here challenging his plea of guilty. That's the order he wants. He wants you to vacate his plea of guilty and send it back for trial. Presumably he hopes that we can't find the witness or the witness to the murder won't be cooperative after, what, six years now. But he doesn't have any right to have his plea of guilty vacated because he is asking to be vacated because of a hypothetical event which has not happened, which is not going to happen, and which legally cannot happen. Now, if no one ever asks that the current sentence of 20 years be vacated, then the plea of guilty is perfectly valid because that's what Mr. Pincus agreed to. That's what the people agreed to. That's what the court told Mr. Pincus that would be imposed, and that's what was imposed. So the only theory on which this plea of guilty could be invalid is if someone goes into court and says that we want the sentence changed. Mr. Pincus has not asked that his sentence be increased. We have not asked that the sentence be increased. So he's asking that his plea of guilty be vacated because of something which has not happened. In fact, he says that, admits that in his brief. He says that his plea of guilty is not valid because of something that's happened, but because of something which might happen. What keeps the state from coming in after these proceedings? Let's assume that this is a void sentence. What prevents the state from coming in after these proceedings in this court are concluded and asking that the sentence be increased? Well, Estoppel, none of the cases which Mr. Wells cites says that the prosecution has the right to agree to a sentence and then come back six plus years later and say, aha, we didn't really mean it. We want a bigger sentence. Latches, because as Mr. Wells said, we'd have to file a mandamus action to vacate the sentence. Latches applies to a mandamus action. But above all, the only theory advanced in Mr. Wells' brief as to why this plea of guilty is void is that if the people come into court and have the sentence vacated, that he might be forced to trial with stale evidence. And that can't happen legally because Pincus has a right to a speedy trial. If he delays the trial, well, maybe that's a waiver of that. But if the state agrees to give him a sentence and then six plus years later comes back and says, we didn't really mean it. We want a bigger sentence. Well, first of all, we'll stop doing that. But if there's any prejudice to him, if there's any evidence to stale from his point of view, then the charge is dismissed. Because prejudice from a delay under the speedy trial clause is presumed after a year. So to vacate the sentence and thereby give Mr. Pincus a right to vacate the plea of guilty, the state would have to affirmatively prove that there was no prejudice to him from the delay. So the only argument that Mr. Wells has made against this plea of guilty is something which can't happen. He says that sometime in the future, the people might come in and have the sentence vacated and force him to trial with stale evidence. If there's any prejudice to him from the delay, then the charge is dismissed under the speedy trial clause. So we haven't done it. We don't want to do it. If we try to do it, we can't prejudice the defendant. And, well, you know, why would you ever want to vacate a valid plea of guilty because of something which hasn't happened, which isn't going to happen, and which can't happen? Have you reviewed the Patrinko case that he cited? Yes, I have. Would you distinguish it? No, I would agree that if Mr. Pincus were to go into court and ask that his sentence be more than doubled, he could do it. If we were to go into court and ask that the sentence be vacated, we would probably be barred from doing so by laches and by estoppel, and the case would probably be dismissed on speedy trial grounds if there were any prejudice to Pincus. But I agree that the state can challenge a sentence imposed after trial or without the state's agreement if it's void under statute at any time. However, I would point out that none of the cases cited by Mr. Wells are saying that the state can attack a sentence that it's agreed to. So that's what I suppose I would distinguish it on that grounds. But I'm not challenging the general principle that a sentence which is less than the statutory minimum can be challenged at any time as a general rule. I'm just saying in this case, it hasn't happened, we don't plan to do it, we don't want to do it, and we can't do it. And even if there was some possibility that we could do it, I mean, I can't absolutely bind the prosecutors in Madison County, but I can tell you that they and I are perfectly satisfied with this sentence and have absolutely no intention of ever challenging it as long as the plea of guilty stands. But even if there was some remote possibility, and I don't think there is, but even if there was some remote possibility that we would come into court later and challenge this sentence as below the statutory minimum, then is the time to consider whether the defendant is entitled to some relief for that reason. You know, you grant the defendant relief because of something that's done to him, not for some hypothetical non-advancement which hasn't happened. Finally, there's an argument which this court doesn't have to resolve, but which can be made if this sentence is perfectly valid. And that's under the principle of the Apprenti decision. Now, the Apprenti decision says that you can't increase a sentence beyond the normal range unless there's a finding by the prior effect that the sentencing enhancement factor exists. Now, ordinarily that doesn't apply in a plea of guilty situation because in that situation the defendant has agreed that the factor does exist. Well, here the defendant didn't agree to it. On the contrary, everybody agreed that the statutory enhancing factor of use of a firearm would not be applied. As a result, there was no evidence offered by the people that a firearm was used in this case. There was no stipulation between the parties that a firearm was used in this case. Didn't the defendant admit that he used a gun to cause the death? No. He did not. He pled guilty, but ordinarily a plea of guilty would be sufficient to supply the Apprenti requirement, but in a situation where the parties have agreed that the sentencing enhancement factor would not be applied, it's at least arguable that the sentencing enhancement factor cannot be applied without some evidence or stipulation or finding that it does apply. So the judge never found that the enhancement factor applied. The state never offered evidence that the sentencing enhancement factor applied. The parties never agreed that it applied, but on the contrary, agreed to a sentence which did not include the firearms enhancement. So if the people were to come into court and try to vacate the sentence, which we haven't done, which we don't plan to do, which in my opinion we can't do, then it would be the time to consider whether under the principle of the Apprenti decision, the sentence was perfectly valid. So when Mr. Wells gets up in here and says the sentence is void, well, that's not what the parties agreed to in the trial court. You can see, you can bet, you can bet your last dollar that if the situation were reversed, Mr. Wells would be arguing that applying the sentencing enhancement would be absolutely impermissible under Apprenti without any agreement, stipulation, or finding that the firearms enhancement applied. So, I mean, you know, courts of law exist to grant relief to people who have suffered some harm. Mr. Pincus hasn't suffered any harm from the alleged invalidity of his sentence. We haven't asked that his sentence be vacated. We don't plan to. We don't want to. We're perfectly satisfied with what we've got. And in the impossible event that we should try to vacate it, he has lots of remedies available then, and he can't be forced to trial with stale evidence as he claims in his brief under the speedy trial clause. So for that reason, we ask that the plea of guilty be ruled valid. Counsel? First of all, I'd like to pick up a matter of some authority. On page 5 of the Spencer's brief, we cite this quote, The parties could not bind the court to impose a sentence that was unauthorized by law. And there's two cases cited behind that, and that's People v. Hare. One of the cases is Williams from the Illinois Supreme Court, another is Wilson from the Illinois Supreme Court. The parties cannot bind the court to an illegal sentence. And the cases cited in the brief are very clear. If a court gives a sentence that's below the statutory minimum, then it's unauthorized. It's void and subject to attack at any time. And it's been done many, many times. There's been consecutive sentences. There's been probation. There's been refusal to give fines. It's just been one thing after another. In every case, if it's below the statutory minimum, it's void. In Petrenko, the defendant raised for the first time on appeals that his sentence was void and it was reached. Here, Mr. Pincus is alleging that his sentence is void and that issue has to be reached. And the question is whether during the commission of the offense, the person personally discharged a firearm that possibly caused death to another person. And then if so, quote, 25 years or up to a term of natural life shall be added. That's the exact section that was considered by the Illinois Supreme Court, found to be mandatory. You're not challenging the sentence. You're challenging his guilty plea. Well, the guilty plea is a fully negotiated plea that's relying upon the sentence. If the sentence is void, the guilty plea is no good. The defendant admitted that he used a gun to cause the victim's death when he pled. Is that correct? Well, the gun was charged, and that's what he pled. That's correct. The charging instrument said that the firearm was used to cause death, and that was in the factual basis, and he pled guilty. Unless there are some other questions. I don't think so. Thank you, counsel. We appreciate the briefs and arguments. Counsel will take the case under.